## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

In re:                                                    :    Chapter 13

     John T. Luciano,                              :

          Debtor.                          :    Bankruptcy No. 16-16382-MDC

# <u>O R D E R</u>

     **AND NOW**, upon this Court's receipt of an Application for Compensation dated July 22, 2017 (the "Application"),[1] filed by David A. Scholl (the "Applicant"), counsel to John T. Luciano (the "Debtor"), in which the Applicant requests this Court permit the payment of compensation in the amount of $5,110.00 through the Debtor's Chapter 13 Plan.

     **AND**, the Court of Appeals having held that the bankruptcy court "has a duty to review fee applications, notwithstanding the absence of objections by the United States Trustee . . ., creditors, or any other interested party, a duty which . . . derives from the court's inherent obligation to monitor the debtor's estate and to serve the public interest."  *In re Busy Beaver Bldg. Centers, Inc.*, 19 F.3d 833, 841 (3d Cir. 1994) (emphasis in original).

     **AND**, the Court of Appeals also having instructed that the bankruptcy courts should not "become enmeshed in a meticulous analysis of every detailed facet of the professional representation [to the point] that the inquiry into the adequacy of the fee assume[s] massive proportions, perhaps even dwarfing the case in chief."

     **AND**, Fed. R. Bankr. P. 2016 provides in relevant part:

Every attorney for a debtor, whether or not the attorney applies for compensation, shall file and transmit to the United States Trustee within 14 days after the order for relief, or at another time as the court may direct, the statement required by §329 of the Code including whether the attorney has shared or agreed to share the compensation with any other entity.  The statement shall include the particulars of any such sharing or agreement to share by the attorney, but the details of any agreement for the sharing of the compensation with a member or regular associate of the attorney's law firm shall not be required.  A supplemental statement shall be filed and transmitted to the United States Trustee within 14 days after any payment or agreement not previously disclosed.

---

[1] Bankr. Docket No. 65.

Fed. R. Bankr. P. 2016 (b).

**AND**, no such disclosure statement was filed with the Court.

**AND**, it is hereby **ORDERED** and **DETERMINED**:

1.      Because the Applicant has failed to file a disclosure statement in support of his request

for compensation, the Applicant's request for compensation is **DENIED** without prejudice to the

Applicant's right to file an application consistent with applicable rules.  *See, e.g.,* L.B.R. 2016-3.


Dated:  October 18, 2017

_____
MAGDELINE D. COLEMAN
UNITED STATES BANKRUPTCY JUDGE


David A. Scholl, Esquire
Law Office of David A. Scholl
512 Hoffman Street
Philadelphia, PA 19148

William C. Miller, Esquire
Chapter 13 Trustee
1234 Market Street, Suite 1813
Philadelphia, PA 19107

United States Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107